*hart Co. v. Naef,* 107 Idaho 888, 693 P.2d 1090, 1091 (1984); *Indian Springs State Bank v. Kelley's Auto Supply, Inc.,* 9 Kan.App.2d 211, 675 P.2d 379, 382 (1984); *Saskill v. 4-B Acceptance,* 117 Ill.App.3d 336, 72 Ill.Dec. 886, 890, 453 N.E.2d 761, 765 (1983).

■■■ In the face of the unambiguous Virgin Islands statutes and the solid consensus of other jurisdictions, we hold that the land purchase contract was usurious and the Austins are, consequently, subject to the full force of the usury sanctions. We have no doubt that the Austins had the purest of intentions in requesting 16% interest but we are without discretion to redefine the strict liability nature of the usury offense.[5] This finding, of course, renders the remaining count of their counterclaim meritless.

### III. CONCLUSION

Usury is a strict liability offense in the Virgin Islands. Consequently, judgment will be entered in favor of the Gillivans in the amount of $24,197.06, constituting double the interest already paid, as required by 11 V.I.C. § 953. Additionally, all future interest is forfeited. 11 V.I. § 954.

Thomas **ENGLERT** d/b/a Northeast Electrical Inspection Agency, Plaintiff,

v.

**CITY OF McKEESPORT and Middle Department Inspection Agency, Inc., Defendants.**

Civ. A. No. 83–653.

United States District Court, W.D. Pennsylvania.

Aug. 22, 1986.

See also 637 F.Supp. 930.

---

**5.** Austin neglected to assert the defense of estoppel and, despite the harsh result in this case, we cannot raise it *sua sponte.* *See* Fed.R.Civ.P. 12(b). There are two bases for this defense, the first of which is the failure of the Gillivans' attorney, who drafted the loan contract, to object to the illegal interest rate. The Austins were not represented by counsel and it could, therefore, be argued that they relied on the Gillivans' lawyer to cure the deal of legal infirmities. Similar omissions have been held to estop borrowers from asserting usury. *E.g., Lieberge-*

*sell, supra* 613 P.2d at 1174–76; *Holt v. Richett,* 143 Ga.App. 337, 238 S.E.2d 706, 709 (1977); *Lakeview Meadows Ranch v. Bintliff,* 36 Cal. App.3d 418, 111 Cal.Rptr. 414, 418 (1973). *But see contra Shook v. Republic National Bank of Dallas,* 627 S.W.2d 741, 751–52 (Tex.Ct.App. 1982) *rev'd on other grounds,* 653 S.W.2d 278 (Tex.1983). Moreover, the Austins executed this contract only after the Gillivans sued them for specific performance. It then appears that the usurious contract was the result of a settlement of that first lawsuit.

James P. Hollihan, Pittsburgh, Pa., for plaintiff.

John F. Cambest, Pittsburgh, Pa., for McKeesport.

Ronald D. Morelli, Pittsburgh, Pa., for Middle Dept.

## OPINION

GERALD J. WEBER, District Judge.

In this antitrust action challenging an exclusive arrangement under which the City of McKeesport granted the Middle Department Inspection Agency the right to perform all electrical inspection work within McKeesport, defendants have filed supplemental motions for judgment on the pleadings. These motions address this court's concern as to whether plaintiff could prove the requisite injury necessary to establish standing to sue for treble damages under Section 4 of the Clayton Act. Plaintiff, a competitor for electrical inspection work, has filed a brief in opposition to these motions and has requested a stay of discovery pending our decision.

Plaintiff argues that it can establish the requisite antitrust injury necessary to sue under § 4. Plaintiff indicates that it has complained that the City restrained trade by its exclusive arrangement with Middle Department and that this conduct was illegal under the antitrust laws. This court has determined that the exclusive relationship is not entitled to state action exemption under *Parker v. Brown*, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943). *See* court's Opinion and Order of June 18, 1986. Plaintiff is a competitor in the market in which the anticompetitive scheme for electrical inspection work is present, and suffered direct injury as a result of his status as a competitor who was excluded from the market.

Defendants argue that *but for* the City's failure to supervise fee setting, the conduct complained of would be immune from antitrust liability as "state action" under this court's June 18, 1986 ruling. Thus it is the City's failure to supervise fees and not the exclusive relationship between McKeesport and Middle Department which makes defendants' acts unlawful. Plaintiff must show direct injury resulting from the alleged antitrust violation. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983). Since plaintiff's claim for lost profits bears no causal relationship to the amount of fees charged but flows instead from the selection of Middle Department as the exclusive electrical inspector for the City, defendants argue that plaintiff cannot prove "injury of of the type the antitrust laws were intended to prevent and *that flows from that which makes defendant's acts unlawful.*" (Emphasis added.) *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489, 97 S.Ct. 690, 697, 50 L.Ed.2d 701 (1977).

Plaintiff persuasively rebuts this argument by clarifying that it is not the unsupervised fee-setting which make defendants' acts illegal. Rather, the City's failure to supervise fee-setting merely prevents it from claiming state action exemption. Without the exemption, the City is subject to the antitrust laws as is any other entity. It is the restraint of trade, the elimination of competition, which the antitrust laws were intended to prevent, and elimination of competition is what is complained of here and is that which caused plaintiff's injury. *See Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983); *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 965 (3d Cir.1983) *cert. denied* 465 U.S. 1024, 104 S.Ct. 1278, 79 L.Ed.2d 682 (1984). There is here no possibility of duplicative recovery or overly complex damage claims. *Illinois Brick Co. v. Illi-*

*nois,* 431 U.S. 720, 728, 97 S.Ct. 2061, 2066, 52 L.Ed.2d 707 (1977).

We believe plaintiff has shown that it is in the class of persons considered to be injured in business or property under § 4 of the Clayton Act and therefore may pursue treble damages. An appropriate order will issue.